# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 5, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JOSEPH H. ROBINSON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-521V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Catherine E. Stolar*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 13, 2022, Joseph H. Robinson ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 59). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$56,386.82.**

I.   **Procedural History**

On April 9, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a pneumococcal conjugate vaccination on April 28, 2015, he suffered from Parsonage-Turner Syndrome. *See* Petition (ECF No. 1). On January 6, 2022, the parties filed a proffer, which I adopted as my decision awarding compensation

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

on the same day. (ECF No. 55).

On January 13, 2022, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation for his attorney, Mr. Jeffrey Pop, in the total amount of $56,386.82, representing $35,878.60 in attorneys' fees and $20,407.22 in costs. Fees App. at 8. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of this claim. *Id.* Respondent reacted to the fees motion on January 19, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 60). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

I have reviewed the rates requested by Petitioner for the work of his counsel, Mr. Jeffrey Pop and Ms. Kristina Grigorian, and I find the rates requested herein to be consistent with what they have previously been awarded for their Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries accurately describe the work being performed and the length of time it took to perform each task and Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $35,979.60.

b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v.*

*Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $20,407.22, representing acquisition of medical records, postage, the Court's filing fee, and work performed by Petitioner's medical experts, Dr. Lawrence Steinman and Dr. Steven Sykes. Fees App. Ex. 3, at 2. The rates sought for the medical experts ($500.00 per hour for Dr. Sykes and $550.00 per hour for Dr. Steinman) are consistent with what they have previously been awarded by myself and other special masters. *See, e.g., Anderson v. Sec'y of Health & Human Servs.*, No. 14-879V, 2020 WL 3495950, at *2 (Fed. Cl. Spec. Mstr. May 22, 2020); *Dolan v. Sec'y of Health & Human Servs.*, No. 17-1855V, 2019 WL 5787991 (Fed. Cl. Spec. Mstr. Oct. 17, 2019). Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

   III.   **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $35,979.60 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$35,979.60** |
|  |  |
| Attorneys' Costs Requested | $20,407.22 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$20,407.22** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$56,386.82** |

**Accordingly, I award a lump sum in the amount of $56,386.82, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and his attorney, Mr. Jeffrey Pop.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

   **IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master